UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| In re ) | |
| ) | |
| PEDRO J. TAMAYO, ) | Case No. 6:05-bk-00317-KSJ |
| RAIZA TAMAYO, ) | Chapter 13 |
| ) | |
| Debtors. ) | |
| ) | |

MEMORANDUM OPINION
GRANTING CREDITOR AMSOUTH BANK'S MOTION FOR
RECONSIDERATION OF ORDER ON OBJECTION TO CLAIM NO. 24

This case came on for hearing on January 31, 2006, on Creditor AmSouth Bank's Motion for Reconsideration of Order on Objection to Claim No. 24 (the "Motion") (Doc. No. 76), the debtors' Response (Doc. No. 80), and the debtors' Memorandum of Law in Support of Debtors' Response (Doc. No. 93). The parties agree that AmSouth Bank is entitled to receive certain contractual attorney fees incurred after this Chapter 13 case was filed. The only issue is the actual amount of allowable, reasonable attorney fees.

When determining the reasonableness of attorney fees, courts are instructed to: 1) determine the nature and extent of the services rendered; 2) determine the value of those services; and, 3) consider the factors laid out by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). Grant v. George Schumann Tire & Battery Co., 908 F.2d 874, 877 (11th Cir. 1990). The Johnson factors are as follows: (1) the time and labor required; (2) the novelty and difficulty of the legal questions; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee for similar work in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount

involved and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  In applying the <u>Johnson</u> factors to the post-petition fees requested by AmSouth Bank, the Court finds a portion of the fees reasonable, a portion unreasonable, and a portion not chargeable to the debtor under any circumstances.

The debtors argue that no more than $550, the standard creditor fee allowed in a Chapter 13 case, is warranted.  The time records submitted by counsel for AmSouth Bank, dating from April 15, 2005, through December 31, 2005, request $4,127.70 in fees.  Other than monitoring this case after its filing, AmSouth did not need to significantly participate because the debtors remained current on their mortgage due to AmSouth.  The debtors were current on this debt on the petition date, January 13, 2005, throughout the case, and when their Chapter 13 plan was confirmed on November 9, 2005.  Other than to insure future timely payments would continue under this confirmed plan, AmSouth had little or nothing to do.

However, a review of the time requested indicates that a large portion of the fees requested, $1,502, are attributable to Amsouth's own mistake.  The bank incurred these fees tracking down an accounting error that made it appear the debtors were <u>not</u> current on their mortgage obligation.  The debtors clearly should not have to pay for the bank's own error, and it is unconsciousnable for them to ask.  The debtors have no obligation to pay for these fees of $1,502 inappropriately requested by AmSouth.

After totally deducting the $1,502 in attorney fees attributable to the bank's error, the balance of requested attorney fees is $2,625.70.  By and large, the services provided by the bank's lawyers are appropriate, necessary, and beneficial to AmSouth Bank.  For example, the attorney (i) filed a Notice of Appearance (Doc. No. 19); (ii) filed AmSouth's proof of claim (Claim No. 24); (iii) represented AmSouth regarding the debtors' motion to pay creditors outside

the plan (Doc. No. 17); (iv) defended AmSouth regarding the debtors' objection to AmSouth's claim (Doc. No. 39) and prepared AmSouth's response thereto (Doc. No. 45); (v) reviewed debtors' original Chapter 13 plan (Doc. No. 10) and Amended Plan (Doc. No. 56); (vi) prepared Amsouth's Motion for Reconsideration (Doc. No. 76) and reviewed debtors' response thereto (Doc. No. 80).

However, the amount of time spent on these services is excessive. For example, on October 10, 2005, the bank's attorney charged $43 and spent 12 minutes "reviewing and analyzing" a notice. The notice had no substance or effect other than to change a hearing date. Excessive charges, such as this one, are included throughout the billing statements. After applying the Johnson factors, the Court finds a reasonable fee for the necessary services is $1,300. The remainder of the fees, $1,325.70, is deemed unreasonable and shall not be allowed as a part of AmSouth's secured claim.

The Court grants AmSouth's Motion for Reconsideration. The Order Sustaining Objection to Claim No. 24 of AmSouth Bank (Doc. No. 66) shall be modified to allow reasonable post-petition attorney fees and costs in the amount of $1,300. Counsel for AmSouth, however, may file an unsecured claim for the fees determined to be unreasonable, $1,325, pursuant to the ruling of the Eleventh Circuit Court of Appeals in In re Welzel, 275 F.3d 1308, 1318 (11th Cir. 2001) (Where a portion of fees are deemed unreasonable, "the fees should be bifurcated between the reasonable portion, treated as a secured claim, and the unreasonable portion, treated as an unsecured claim"). AmSouth must file this claim, if desired, within 30

days of the entry of this order. A separate order consistent with this Memorandum Opinion shall be entered.

DONE AND ORDERED in Orlando, Florida, this 15th day of March, 2006.

KAREN S. JENNEMANN
United States Bankruptcy Judge

Copies furnished to:

Debtors: Pedro J. and Raiza Tamayo, 12600 Park Avenue, Windermere, FL 34786

Debtors' Attorney: Michael A. Paasch, Esquire, P.O. Box 2854, Orlando, FL 32802

Creditor: AmSouth Bank, c/o Lisa M. Castellano, Esquire, 201 E. Kennedy Blvd., Suite 600, Tampa, FL 33602

Attorney for Creditor: Lisa M. Castellano, Esquire, 201 E. Kennedy Blvd., Suite 600, Tampa, FL 33602

Chapter 13 Trustee: Laurie K. Weatherford, P.O. Box 3450, Winter Park, FL 32792